UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

|  |  |  |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) ) | |
| Plaintiff, | ) ) ) | Civil No. |
| v. | ) ) | |
| DENNIS J. MALOUF, | ) ) | |
| Defendant. | ) ) | |

**APPLICATION OF THE SECURITIES AND EXCHANGE COMMISSION
FOR AN ORDER UNDER SECTION 20(C) OF THE SECURITIES ACT, SECTION
21(E) OF THE EXCHANGE ACT, SECTION 209(D) OF THE ADVISERS ACT AND
SECTION 42(D) OF THE INVESTMENT COMPANY ACT ENFORCING
COMPLIANCE WITH COMMISSION ORDER**

The Plaintiff, Securities and Exchange Commission (the "Commission"), applies to the Court for an order pursuant to Section 20(c) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77t(c), Section 21(e) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u(e)(1), Section 209(d) of the Investment Advisers Act of 1940 ("Advisers Act"), 15 U.S.C. § 80b-9(d), and Section 42(d) of the Investment Company Act of 1940 ("Investment Company Act"), 15 U.S.C. § 80a-41(d), to enforce compliance by the Defendant, Dennis J. Malouf ("Malouf"), with a final Commission order entered against him on July 27, 2016 and corrected on September 13, 2016.  This order required Malouf to disgorge $562,001.26, plus prejudgment interest of $202,298.88, such prejudgment interest calculated beginning from

January 1, 2008, in accordance with Commission Rule of Practice 600, and to pay a civil penalty of $75,000 plus applicable interest, and injunctive relief.

In support of its Application, the Commission states as follows:

## INTRODUCTION

1. The Commission seeks by this Application to enforce an order of the Commission, which found that Malouf violated Securities Act Section 17(a)(1) and 17(a)(3), Exchange Act Section 10(b) and Rule 10b-5(a) and (c) and Advisers Act Section 206(1) and (2) and aided and abetted and caused UASNM, Inc.'s ("UASNM") violations of the Adviser Act Section 206(4) and Rule 206(4)-1 thereunder and Section 207.

2. Malouf has failed, refused and neglected to comply with the Commission Order in that he has not paid any portion of the disgorgement and prejudgment interest imposed upon him.

## PARTIES

3. The Commission is an agency of the United States Government. The Commission's principal office is located at 100 F Street, N.E., Washington, DC 20549.

4. Malouf, age 60, is a resident of Albuquerque, New Mexico.

## JURISDICTION AND VENUE

5. This Court has jurisdiction under Sections 20(c) and 22(a) of the Securities Act, and Sections 21(e)(1) and 27(a) of the Exchange Act, Section 209(d) of the Advisers Act, and Section 42(d) of the Investment Company Act.

6.    Venue lies in the District of New Mexico under Section 22(a) of the Securities Act, Section 27(a) of the Exchange Act, Section 44 of the Investment Company Act, Section 214(a) of the Advisers Act.  Malouf is "found" or is an "inhabitant" of this District.

**STATEMENT OF RELEVANT FACTS**

7.    The Commission Order found, in summary, that Dennis J. Malouf, the former president and majority owner of a registered investment adviser, violated the antifraud provisions of the federal securities laws when he failed to disclose conflicts and correct misleading statements concerning ongoing payments that he received from the owner of a branch office of a broker-dealer that he had once owned.

8.    Malouf directed clients' highly liquid, AAA-rated Treasury and agency bond purchase transactions to his former broker-dealer, despite claims in registered investment adviser's Forms ADV and website that its investment advice and choice of broker-broker-dealers were impartial and conflict-free.  Malouf also failed to seek best execution for advisory clients' Treasury and agency bond trades by directing trades to his former broker-dealer without first seeking multiple competing bids, resulting in clients' payment of excessive commissions. Malouf also aided and abetted and caused investment adviser's related violations.

9.    After an administrative proceeding, an initial decision was issued on April 7, 2015, in which the administrative law judge imposed a $75,000 civil money penalty and barred Malouf from association with a broker, dealer, investment adviser, municipal securities dealer, municipal advisor, transfer agent, or nationally recognized statistical rating organization for a period of seven-and-a-half years; prohibited him from serving or acting of, or principal underwriter for, a registered investment company or affiliated person of such investment adviser, depositor, or

principal underwriter for a period of seven-and-a-half years; and ordered him to cease and desist from committing or causing violations of the provisions in question.

10. The administrative law judge declined to order disgorgement. The Division of Enforcement appealed the administrative law judge's imposition of seven-and-a-half year industry bar against Malouf, instead seeking a permanent bar, and argued that disgorgement should be ordered.

11. Malouf appealed both the administrative law judge's findings of violations and sanctions.

12. On July 27, 2016 (and corrected on September 13, 2016), the Commission issued an Order finding that Malouf violated Sections 17(a)(1) and 17(a)(3) of the Securities Act; Section 10(b) of the Exchange Act and Rules l0b-5(a) and (c) thereunder; and Sections 206(l) and 206(2) of the Advisers Act. The Commission also found that Malouf aided and abetted and caused his firm's violations of Sections 206(4) and 207 of the Advisers Act and Rule 206(4)-1(a)(5) thereunder. The Commission ordered Malouf to disgorge $562,001.26, plus prejudgment interest of $202,298.88 calculated from January 1, 2008, in accordance with Commission Rule of Practice 600, and to pay a civil penalty of $75,000.

13. The Commission also barred Malouf from association with any broker, dealer, investment adviser, municipal securities dealer, municipal advisor, transfer agent, or nationally recognized statistical rating organization, and from serving or acting as an employee, officer, director, member of an advisory board, investment adviser or depositor of, or principal underwriter for, a registered investment company or affiliated person of such investment adviser, depositor, or principal underwriter. The Commission also prohibited, permanently, Malouf from serving or

acting as an employee, officer, director, member of an advisory board, investment adviser or depositor of or principal underwriter for, a registered investment company or affiliated person of such investment adviser, depositor, or principal underwriter.  The Commission also ordered Malouf to cease and desist from committing or causing any violations or future violations of Sections 17(a)(1) and 17(a)(3) of the Securities Act of 1933, Sections 10(b) Securities Exchange Act of 1934 and Rules l0b-5(a) and (c) thereunder, and Sections 206(1), 206 (2), 206(4), and 207 of the Investment Advisers Act of 1940 and Rule 206(4)-1(a)(5) thereunder.

14. On July 27, 2016, the Commission stayed the monetary portion of the Order pending the filing of a petition for review with the United States Court of Appeals and, upon the timely filing of such a petition, pending determination of that appeal and the issuance of the court's mandate.

15. On September 8, 2016, Malouf appealed the Commission's Order to the United States Court of Appeals for the Tenth Circuit.

16. On August 13, 2019, the United States Court of Appeals for the Tenth Circuit affirmed the Commission's Order.  The mandate issued on November 4, 2019.

17. Malouf has not made any payment towards the Order, which remains due and owning with additional interest continuing to accrue.

## ARGUMENT

18. The Commission brings this proceeding under Section 20(c) of the Securities Act, Section 21(e) of the Exchange Act, Section 209(d) of the Advisers Act, and Section 42(d) of the Investment Company Act.  The Securities Act and Exchange Act provisions authorize the use of

summary proceedings, rather than plenary civil actions, to enforce Commission orders in the district courts.

19. Proceedings under these provisions are summary in nature. *SEC v. Vindman*, 2007 WL 1074941 at *1 (S.D.N.Y. April 5, 2007); *SEC v. McCarthy*, 322 F.3d 650, 659 (9th Cir. 2003). In *McCarthy*, the Ninth Circuit held that "summary proceedings may be 'conducted without formal pleadings, on short notice, without summons and complaints, generally on affidavits, and sometimes even *ex parte*.'"

20. These proceedings are commenced by service of an order to show cause and the application, rather than by service of a summons and a complaint. *SEC v. Stoecklein*, 2015 WL 6455602 at *1 (S.D. Cal. Oct. 26, 2015); *SEC v. Taber*, 2013 WL 6334375 at *1 (S.D.N.Y., Dec. 4, 2013); *SEC v. Markowski*, 2007 WL 2566247 at *1 (M.D. Fla. Aug. 31, 2007).

21. This proceeding, therefore, is properly commenced by service of the moving papers and an order to show cause.

WHEREFORE, the Commission respectfully requests:

I.

That the Court enter an Order to Show Cause, directing Dennis J. Malouf to show cause why this Court should not enter an Order enforcing compliance with the Commission Order.

II.

That the Court thereafter enter an Order enforcing the Commission Order and requiring:

a. Malouf to disgorge $562,001.26, plus prejudgment interest of $202,298.88 calculated from January 1, 2008, in accordance with Commission Rule of Practice 600, and to pay a civil penalty of $75,000; and

b. Compliance with the Injunctive Relief set forth in the Order.

III.

That the Court order such relief as may be necessary for enforcement of any order of this Court as to the civil monetary penalty pursuant to the Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3001 – 3308.

IV.

That the Court order such relief as may be necessary for enforcement of any order of this Court as to disgorgement and prejudgment interest through civil contempt and/or other collection procedures authorized by law.

V.

That the Court retain jurisdiction as appropriate to assure and effect compliance with the orders entered herein.

VI.

That the Court order such other and further relief as may be just and proper.

Dated:  May 29, 2020

Respectfully submitted,

s/MICHAEL J. ROESSNER
MICHAEL J. ROESSNER
Assistant Chief Litigation Counsel
Division of Enforcement
United States Securities and Exchange Commission
100 F Street, NE
Mail Stop 5631
Washington, DC 20549-0022
RoessnerM@SEC.gov
Telephone:    202.551.4347
Facsimile:     703.813.9366
Attorney for Plaintiff/Judgment Creditor
United States Securities and Exchange Commission